IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JUAN ARNULFO-SANCHEZ, ) | Civil No. 2:05-CV-20 BSJ |
| ) | Crim No. 2:99-CR-641 BSJ |
| Petitioner, ) | |
| ) | **MEMORANDUM DECISION &** |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | **FILED** |
| ) | CLERK, U.S. DISTRICT COURT |
| Respondent. ) | December 21, 2005 (3:50pm) |

\* \* \* \* \* \* \* \* \*

Juan Arnulfo-Sanchez ("Arnulfo-Sanchez" or "Petitioner") filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on January 7, 2005. (*See* Pet.'s § 2255 Mot. (dkt. no. 3), 2:05-cv-20; also filed as (dkt. no. 263), 2:99-cr-641.) The United States of America ("United States") responded to Arnulfo-Sanchez's Motion on March 1, 2005 (*see* United States' Resp., (dkt. no. 6), 2:05-cv-20), to which Arnulfo-Sanchez filed his Traverse Reply on March 25, 2005. (*See* Pet.'s Traverse (dkt. no. 9), 2:05-cv-20.)

On March 16, 2001, a jury unanimously found Arnulfo-Sanchez guilty of one count of possession of 500 grams or more of a mixture of methamphetamine with the intent to distribute in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. § 3612(f). (*See* Jury Verdict, dated March 16, 2001 (dkt. no. 154), 2:99-cr-641.) Three days after trial, Arnulfo-Sanchez moved for a new trial, asserting that the United States had failed to provide certain discovery and evidence in a timely manner. (*See* Pet.'s Motion to Dismiss, for New Trial, for Judgment of Acquittal [made in open

court] and Supplemental Post-Trial Memorandum in Support of Motion to Dismiss, for New Trial, for Judgment of Acquittal, dated March 19, 2001 (dkt. no. 158), 2:99-cr-641; Consolidated Response by the United States, dated March 27, 2001 (dkt. no. 162), 2:99-cr-641; and Reply Response by Juan Arnulfo-Sanchez, dated April 4, 2001 (dkt. no. 165), 2:99-cr-641.)  After hearing extensive argument, this court denied the motion.  (*See* Minute Entry, dated April 6, 2001 (dkt. no. 167), 2:99-cr-641; *see also* Order, dated 4/30/2001 (dkt. no. 172), 2:99-cr-641.)

On May 23, 2001, Arnulfo-Sanchez was sentenced to a term of 292 months of imprisonment, followed by supervised release for a period of five years, a special assessment in the amount of $100.00, and a $750.00 fine.  (*See* Minute Entry dated May 23, 2001 (dkt. no. 188), 2:99-cr-641, *see also* Judgment filed June 14, 2001 (dkt. no. 192), 2:99-cr-641.)

Arnulfo-Sanchez appealed to the United States Court of Appeals for the Tenth Circuit, challenging his conviction on three grounds: (1) his Fourth Amendment rights were violated by an unlawful detention and an involuntary consent to search; (2) he was prejudiced by prosecutorial misconduct; and (3) the evidence was insufficient to prove he had constructive possession of the controlled substance.  The notice of appeal was filed on June 29, 2001.  (*See* Notice of Appeal, filed June 29, 2001 (dkt. no. 207), 2:99-cr-641.)  On August 4, 2003, the court of appeals affirmed the Arnulfo-Sanchez's conviction.  (*See* Certified Copy of USCA Mandate as to Juan Arnulfo-Sanchez, filed September 17, 2003 (dkt. no. 257), 2:99-cr-641; 71 Fed. Appx. 35, 2003 WL 21783804 (10th Cir. 2003).)

Arnulfo-Sanchez makes several arguments in support of his § 2255 motion: (1) that he received ineffective assistance of counsel; (2) that the United States failure to disclose a handwriting expert's report was a *Brady* violation constituting a breach of petitioner's Fifth

Amendment due process rights (relying, *inter alia*, on *Brady v. Maryland*, 373 U.S. 83 (1963)); and (3) that he was sentenced in violation of his Sixth Amendment rights pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).

1.  **Ineffective Assistance of Counsel**

    Arnulfo-Sanchez alleges that his trial counsel, Robert L. Booker ("Mr. Booker"), was ineffective in four ways:  First, he alleges that Mr. Booker was ineffective in that he failed to conduct any investigation of the case before counseling the petitioner to reject a plea bargain.  Second, the petitioner contends that Mr. Booker had a conflict of interest in the representation.  Third, he alleges that Mr. Booker was ineffective in trial performance, because he did not hire a handwriting expert, and because he had Arnulfo-Sanchez's wife testify.  And fourth, Arnulfo-Sanchez contends that Mr. Booker was ineffective at sentencing because he failed to argue that the methamphetamine was not consumable.

    Under 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Rule 4(b) of the Rules Governing Section 2255 Proceedings states that only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal."  To prevail on a motion for a hearing, a petitioner must establish that they have a plausible claim of ineffective assistance of counsel that may have affected the outcome of the case.  *See Armienti v. United States*, 234 F.3d 820 (2d Cir. 2000).

And such claim is "entitled to careful consideration and plenary processing . . . including full opportunity for presentation of relevant facts." *See Blackledge v. Allison,* 431 U.S. 63, 70, 97 (1977). Unless the allegations in a § 2255 motion are palpably false or patently incredible, the motion may not be disregarded. *United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

However, in *Blackledge*, the Supreme Court also held, "in some cases, the judge's recollection of the events at issue may enable him to summarily dismiss a § 2255 motion, even though he could not similarly dispose of a habeas corpus petition challenging a state conviction but presenting identical allegations." *Blackledge*, 431 U.S. at 74. The Tenth Circuit has affirmed the summary dismissal of § 2255 motions when counsel's ineffectiveness has had little possibility of affecting the outcome of the case. *See United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000). In *Kennedy*, the court affirmed a district court ruling that denied a petitioner an evidentiary hearing because the petitioner failed to make the requisite showing that he was prejudiced by ineffective assistance of counsel. *Id.*

The United States contends that in order to obtain habeas relief for ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by the deficiency." *James v. Gibson*, 211 F.3d 543, 555 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is highly deferential. *Id.* In order to show that he was prejudiced, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

4

confidence in the outcome." *Strickland*, 466 U.S. at 694.  There is a strong presumption that counsel provided effective assistance of counsel, and a § 2255 defendant has the burden of proof to overcome that presumption.  The defendant must show that counsel's representation fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 668.  The United States asserts that Arnulfo-Sanchez fails to establish a plausible claim of ineffective assistance of counsel.

The court finds that it is unnecessary to grant Arnulfo-Sanchez an evidentiary hearing to review the constitutionality of the sentence imposed upon him because Arnulfo-Sanchez has not overcome the presumption that counsel has provided effective assistance and it is unlikely that any ineffective assistance of counsel would have affected the outcome of the case.

The court now reviews each of Arnulfo-Sanchez's allegations against his former counsel, Mr. Booker:

    A.    <u>Counsel's Alleged Failure to Investigate the Case</u>

Arnulfo-Sanchez first claims that his former counsel, Mr. Booker conducted no investigation of the case prior to urging him to reject a plea bargain.  Petitioner contends that Mr. Booker sought to send the case to trial for his own financial interests rather than seeking the shortest sentence possible for his client.  Petitioner asserts that had Mr. Booker properly advised him, Petitioner would have likely accepted the plea agreement.

The procedural history indicates that Mr. Booker filed numerous pre-trial motions each addressing various evidentiary issues relating to the case.  These filings support the reasonable conclusion that Mr. Booker must have analyzed the merits of the case before encouraging his client to make a decision on the plea bargain.

There is little evidence that Mr. Booker did not take proper care in investigating the case prior to advising his client. Because the burden is upon the movant to demonstrate ineffective assistance, this court rejects counsel's alleged failure to investigate the case as a basis for § 2255 relief.

    B.    <u>Counsel's Alleged Conflict of Interest</u>

Arnulfo-Sanchez asserts that Mr. Booker was financially motivated when he encouraged his client to reject his plea bargain and take the case to trial. Arnulfo-Sanchez cites a Fourth Circuit Court of Appeals decision which held that attorneys who place their own financial interests ahead of their clients' interests are ineffective. *Robin v. Gee*, 292 F.3d 396 (4th Cir. 2002).

In response, the government contends that an actual conflict of interest exists "if a specific and seemingly valid alternative strategy or tactic was available to defense counsel, but it was inherently in conflict with his duties to others or to his own personal interests." *United States v. Bowie*, 892 U.S. 1494, 1500 (10th Cir. 1990). Thus, Mr. Booker's alleged deficiency must be somehow tied to an inherent conflict that adversely affects Arnulfo-Sanchez. The government contends and the court agrees that there is nothing in Petitioner's case that suggests that Mr. Booker had any interests adverse to Arnulfo-Sanchez. Moreover, Arnulfo-Sanchez does not provide any evidence that would lead to the conclusion that Mr. Booker's financial interests led him to advise his client inappropriately.

    C.    <u>Counsel's Alleged Ineffectiveness Due to Trial Performance</u>

Arnulfo-Sanchez contends that the aggregate affect of an attorney's performance should be considered in evaluating his claims of ineffective assistance of counsel. *See Cargle v. Mullin*,

6

317 F.3d 1196, 1212 (10th Cir. 2003); *Strickland*, 466 U.S. at 694-96.  Because Mr. Booker failed to hire an expert in handwriting analysis to testify, and because he called Petitioner's wife as a witness, Arnulfo-Sanchez argues that his counsel failed to provide adequate assistance during the trial.  Petitioner further contends that there is a reasonable possibility that such failures, when aggregated, would have affected the outcome of the case.

Arnulfo-Sanchez argues that Mr. Booker's decisions were not "tactical" or "strategic" because they were not made for the benefit of his client.  *Cox v. Donnelly*, 387 F.3d 193 (2nd Cir. 2004).  The government, on the other hand, argues that Mr. Booker's decisions were tactical decisions that competent lawyers may disagree upon.

The relevant question in this case is not whether the attorney's actions were tactical but whether they were reasonable.  *See Bullock v. Carver*, 297 F.3d 1036, 1047-8 (10th Cir. 2002).  Such decisions do not qualify as objectively unreasonable.  *See Bell v. Cone*, 535 U.S. 685, 702 (2002).

The United States also contends that the defendant must show that the result of the trial was fundamentally unfair or unreliable.  The amount of evidence against of the defendant is a factor in this calculation.  *See Moore v. Marr*, 254 F.3d 1235, 1241 (10th Cir. 2001).  Thus, if there is overwhelming evidence of guilt against a defendant, it becomes increasingly less likely that attorney errors and omissions will affect the outcome of a case.

The court of appeals reviewed the issue of sufficiency of direct and circumstantial evidence and concluded that the evidence against the Arnulfo-Sanchez was substantial.  *United States v. Arnulfo-Sanchez*, 71 Fed. Appx. 35, 42-44 (10th Cir. 2003).  This court similarly finds that the evidence does support Arnulfo-Sanchez's conviction and thus, Mr. Booker represented

Arnulfo-Sanchez reasonably under the circumstances.

      D.      <u>Ineffectiveness for Failure to Prepare for Sentencing Hearing</u>

Arnulfo-Sanchez asserts that Mr. Booker failed to adequately prepare for sentencing and, in particular, failed to argue that the methamphetamine that Petitioner possessed was not consumable.

The United States asserts that Petitioner's claim of ineffective assistance of counsel is actually an attack on the sentence itself rather than a claim of ineffective assistance of counsel. As such, the claim should be procedurally barred due to Petitioner's failure to raise this issue on direct appeal. "A movant is barred from raising an alleged error affecting his conviction or sentence for the first time on collateral review unless he can show both cause for the default and actual prejudice." *United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir. 2002). The United States contends that Arnulfo-Sanchez has not demonstrated either cause or prejudice and thus, Petitioner's § 2255 motion should be denied.

The record demonstrates that at the direction of the Court, Mr. Booker reviewed the pre-sentence report with Arnulfo-Sanchez and appropriate objections and motions were discussed prior to and during sentencing. Moreover, under the circumstances, it was reasonable for Mr. Booker not to raise the issue of consumability in light of the jury's finding on the quantity of drugs.

**2.**      *Brady* **Violation**

The second ground upon which Arnulfo-Sanchez bases his petition is a violation of his Fifth Amendment due process rights due to the United States' failure to disclose a handwriting expert's report as required by *Brady*. The United States claims that Petitioner is procedurally

barred from raising this claim. The court agrees.

The issue as to whether the United States improperly withheld a handwriting analysis was already considered by the court of appeals. *United States v. Arnulfo-Sanchez*, 71 Fed. Appx. 35, 39-41 (10th Cir. 2003). The Tenth Circuit found that the handwriting analysis was not withheld from the defense, and that the United States was under no obligation to offer it as evidence at the trial. *Id.* Petitioner's § 2255 motion appears to resurrect this very same issue. "An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. § 2255." *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978). Moreover, under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Alvarez,* 142 F.3d 1243, 1247 (10th Cir. 1998).

The motion also fails on its merits because no *Brady* violation exists. A *Brady* violation requires (1) suppression by the government of evidence that (2) is favorable to the defendant, and (3) the evidence must be material in that its suppression casts doubt on the outcome. *Brady v. Maryland*, 373 U.S. 83 (1963). As stated by the Tenth Circuit, the United States did not suppress the handwriting report. It was made available to the defendants with ample opportunity to use and analyze the report.

3.      **Blakely/Booker 6th Amendment Violation**

The third and final ground upon which the Petitioner bases his § 2255 motion is a violation of his Sixth Amendment rights pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). Arnulfo-Sanchez has filed this motion within one year of the date on which *Booker* was decided, implicitly arguing that

9

*Booker* is a newly recognized right that should be applied retroactively to cases on collateral review.

The Supreme Court in *Blakely* did not expressly apply its finding as to the Washington State's sentencing guidelines to the federal sentencing guidelines, statutes, or procedures. Indeed, the Court specifically stated that the federal guidelines "are not before us, and we express no opinion on them." *Blakely*, 542 U.S. at 305 n.9; *see also Leonard v. United States,* 383 F.3d 1146, 1147 (10th Cir. 2004). However, on January 12, 2005, the United States Supreme Court held in *Booker* that the Federal Sentencing Guidelines violated a defendant's Sixth Amendment right to a jury trial to the extent that the Guidelines require a judge to sentence a defendant more harshly based on facts not admitted by the defendant or reflected in unanimous jury verdict. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756. The Supreme Court then struck down the provision of the federal sentencing statute that made the Guidelines mandatory. 18 U.S.C.A. 3553(b)(1), 3742(e).

The Tenth Circuit has held that *Booker* is a procedural rule that does not apply retroactively to sentences. Where a Supreme Court decision results in a new rule, that rule applies to all criminal cases still pending on direct review. As to convictions like Arnulfo-Sanchez's that are already final, however, the rule applies only in limited circumstances. While new substantive rules generally apply retroactively, new procedural rules do not. *Booker* announces a procedural rule. *See generally, United States v. Price*, 400 F.3d 844 (10th Cir. 2005).

New procedural rules generally do not apply retroactively, unless they fall into one of two narrow exceptions: (1) a new rule that places certain kinds of primary, private individual conduct

beyond the power of the criminal law-making authority to proscribe; or (2) a new watershed rule of criminal procedure implicating the fundamental fairness and accuracy of criminal proceedings. *See Teague v. Lane,* 489 U.S. 288, 307 (1989). The Tenth Circuit has held that *Booker* does not fall into either exception. *See Price*, 400 F.3d at 848.

Arnulfo-Sanchez's sentence is valid under *Booker*.

**IT IS ORDERED** Petitioner Juan Arnulfo-Sanchez's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

Let judgment be entered accordingly.

DATED this 21 day of December, 2005.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge